IN THE UNITED STATES DISTRICT COURT OF RHODE ISLAND

FOR THE DISTRICT OF RHODE ISLAND

CR05-115T
CA07-209T

ADAM A. WHITE
Petitioner,
v.
UNITED STATES
Respondent,

CA 07 209T

# MOTION FOR WRIT OF HABEAS CORPUS

Comes now, the petitioner, Adam A. White, pro se, in the above styled cause and numbered action, herein, request that this Honorable Court grant in all due respect, an evidentiary hearing.

The petitioner wishes to address to the court in mercy and material fact(s) known that the attorney of record in the instant matter had been Ineffective and Unethical in his behavior upon his representation to the petitioner in the instant matter.

The attorney did not at any time file any challenging argumentive pre-trial motions. Most importantly, the attorney of record did not file a Suppression Motion, in all likelihood, would have made a difference in the outcome of the instant case, because of the reliability of the informant. The deprivation to possess a complete Discovery also has been and currently is practiced upon the petitioner by the attorney of record; Mr, Benjamin A. Mesiti.

Discovery material (Audio tape) was not made available until after attorney coerced petitioner to plead guilty.

The petitioner has a right guaranteed by the U.S. Constitution which is proper under law, morality, and ethics, as well as the right of Liberty, a power, privilege, and secured protection in the interest of the U.S. Constitution to be in state of a possess-ioning privilege to possess the required document(s) so that he can redress, challenge, and argue related facts in his case against the government.

However, BRADY MATERIAL, is information or evidence that is favorable to a criminal defendants case and that the prosecution has a duty to disclose.

BRADY V. MARYLAND, 373 U.S. 83, 83 S. ct. 1194 (1963). In addition, JENCKS MATERIAL, is information of a prosecutions witness's written or recorded pre-trial statement that a criminal defendant, upon filing a motion after the witness has testified, is entitled to have to cross examine the witness.

The defense may also use a statement of this kind for impeachment purposes, in which this information is also pertinent to the petition-er because he had befoehand of his plea-agreement decided to propel his case before a jury trial. Also see the mandated obligations of this petitioner to be in possession of this material in JENCKS V. U.S. 353 U.S. 657, 77 S. ct 1007 (1957).

Therefore, due to the fact(s) as stated Supra, at this present time the petitioner is only at best to submit his 28 USC § 2255 Motion in the respected form of "BAREBONES MOTION" to avoid being time barred and while he is in transition of possessing his complete Discovery to propel his criminal appeal in a manner that would be satisfiable to the courts.

However to support illicit ongoing and unethical behavior of attorney of record, the petitioner is submitting a copy of one of the most recent letters addressed to the attorney of record, in which he had not responded as of current to this motion. See Exibit "A".

INEFFECTIVE ASSISTANCE OF COUNSEL

The sixth amendment recognizes the right to the assistance of counsel because it envisions counsel's playing the role that is critical to the ability of the adversarial system to produce just results. Strickland V. Washington, supra.

**THE LEGAL STANDARD**

A defendant is entitled to the effective assistance of counsel as required by the Sixth and Fourteenth Amendments. Gideon V. Wainwright, 372 U.S. 335 (1963). Effective assistance is denied if "counsel's representation fell below an objective standard of reasonableness," and " there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, supra.

To establish a deficient performance, petitioner must show that his counsel's representation "fell below an objective standard of reasonableness. Jones V. Jones, 163 F.3d 285, 301 (5th Cir. 1998).

Mayo V. Henderson, 13 F.3d 528 (2nd Cir. 1994), " [h]owever, a petitioner may demonstrate constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id. at 533

The court applies a highly deferential standard to the examination of counsel's performance, making every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial or plea. In order to satisfy the prejudice prong, the record must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."

Strickland, 466 U.S. at 694. That is, " a criminal defendant alleging prejudice must show 'that counsel's errors were so seriuos as to deprive the defendant of a fair trial, a trial whose result is reliable.' Lockhart V. Fretwell, 506 U.S. 364, 369 (1993) (quoting Strickland, 466 U.S. at 687).

Although Strickland, requires a showing of prejudice, it does not require the defendant to show that his counsel's deficient performance,**more likely than not,** altered the outcome of the case. Id. at 693. The result.... and hence the proceeding itself unfair, even if the error of counsel cannot be shown by a preponderance of the evidence to have determined the outcome."

Id., at 694. Thus the Strickland, requirement, that a defendant must show a reasonable propability that the outcome of trial would have been different absent error of counsel, does not mean that the defendant must show a better than 50-50 chance. Strickland, merely imparts the idea that "showing some conceivable effect on the outcome of the proceedings" would not suffice to overturn a conviction.

466 U.S. at 693. Instead, according to Strickland, a "reasonable probability" means a reasonable chance that counsel's mistake could have affected the outcome of the case, based upon concrete and identifiable facts and circumstances reflected in the record.

## CONCLUSION

** In light of the above, [a]nd in conjunction herewith, as, "[s]parse pleadings by pro se litigants unfamiliar with the requirements of the legal system ..." Thompson V. Sullivan, No. 87-2568, 1992 WL 42188, at *7 (S.D.N.Y. Feb. 27, 1992), and in light of the Supreme Court's precedent established in Haines V. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct 594 (1972), 122 L.Ed.2d 897

(Supreme Court's construction and application of Rules governing pro se pleadings), Petitioner requests that this § 2255 motion be liberly construed. Also, as the record does not reflect what petitioners counsel performance, and or, reasons thereunder, an evidentiary hearing is most necessary for the proper review of this Barebones § 2255 Motion.

Wherefore, the above named petitioner, Adam A. White, pro se, in the above styled cause and numbered action, ever prays that this Honorable Court, here in, grant and submit this motion in which it will give the petitioner a respected avenue to develope possession of relevant document(s) pertinent to his criminal case, as well as supplement the "Barebones § 2255 Motion" to perfect a legitimate argument.

5-30-07
Dated

Respectfully Submitted,
Adam White

Adam A. White #05662-070
FCI Schuylkill
P.O. Box 759
Minersville, PA. 17954

CA 07 209T

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: District of Rhode Island | |
|---|---|---|
| Name of Movant: Adam A. White | Prisoner No.: 05662-070 | Case No.: 1:05CR00115-01T |
| Place of Confinement: FCI Schuylkill, MInersville. Pa. 17954-0759 | | |

UNITED STATES OF AMERICA V. Adam A. White (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack US District. Ct. District of Rhode Island One Exchange Terrace, Providence R.I. 02903

2. Date of judgment of conviction June 9, 2006

3. Length of sentence 262 Months

4. Nature of offense involved (all counts) 21 U.S.C. § 841 (a.) (1) and (b) (1) (A) Possession With Intent to Distribute 50 grams or more of Cocaine Base

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one) N/A
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court N|A

(b) Result N|A

(c) Date of result N|A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N|A

(2) Nature of proceeding N|A

(3) Grounds raised N|A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result N|A

(6) Date of result N|A

(b) As to any second petition, application or motion give the same information:

(1) Name of court N|A

(2) Nature of proceeding N|A

(3) Grounds raised N|A

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result N|A

(6) Date of result N|A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☒
(2) Second petition, etc. Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N|A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law)

The attorney(s) of record did not properly represent me, as well as, file any appropriate motions to secure my constitutional rights. In all criminal prosecutions, the accused shall enjoy the right to due process, fundamental rights of the criminal procedures, and the 6th Amend. right for representation by effective assistance of counsel.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law)

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

AO 243 (Rev. 2/95)

D. Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law) ______

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: The petitioner is submitting this motion as a Barebones motion under 28 U.S.C § 2255, due to the fact, that as of present, he is at great disadvantage to exercise his Fifth Amendment fundamental right(s) of access to the court because of non-cooperative and unethical behavior of attorney of record to release document(s).

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing Edward C. Roy

(b) At arraignment and plea Benjamin A. Mesiti
454 Broadway Providence, RI 02909

(c) At trial N|A

(d) At sentencing Benjamin A. Mesiti
454 Broadway Providence, RI 02909

AO 243 (Rev. 2/95)

(e) On appeal N|A

(f) In any post-conviction proceeding N|A

(g) On appeal from any adverse ruling in a post-conviction proceeding N|A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: N|A

(b) Give date and length of the above sentence: N|A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒ N|A

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

(Date)

Signature of Movant

# CERTIFICATE OF MAILING

I, Adam A. White, under penalty of perjury, hereby certify that on this 30 th day of May, 2007, I placed an envelope containing the Original and 1 copies of the following documents in the control of prison authorities by depositing the envelope in the institution mailbox designated for all outgoing inmate legal mail:

1. Motion under 28 U.S.C. § 2255, (6) pages each
2. Motion For Writ Of Habeas Corpus, (6) pages easch
3. Exhibit "A" (1) page each
4.
5.
6.
7.
8.

addressed to the **Clerk of Court,** U.S. District Court of Rhode Island One Exchange terrace, Providence R.I. 02903, first-class postage rate. certified mail # 7007 0220 0001 7903 0390

Therefore, in accordance with the federal rules governing filing procedures and the "mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988), the foregoing documents are deemed "filed" for the purposes of this action.

Signed: Adam White

Adam A. White #05662-070
FCI Schuylkill
P.O. Box 759
Minersville, Pa. 17954

Adam A. White #05662-070
FCI Schuylkill
P.O. Box 759
Minersville, Pa. 17954

March 5, 2007

Benjamin A. Mesiti, Esquire
597 Broad St.
Central Falls, R.I. 02863

**RE: Unitesd States V. White**

**Case No.1:05CR00115-01T**

Dear Mr. Mesiti,

I am writing you this letter requesting copies of all Discovery Materials and any authorized documents pertaining to my case. As a result of your representation as my counsel of record, I have not been properly provided with a complete " Discovery " and any authorized document pertinent to my current case.

However, I am now, formally, requesting that you provide me with the following : 1.) All Brady Material information and/or any evidence that is favorable to my criminal case, of which the prosecutor has a duty to disclose via my Due Process Rights. 2.) Any Jencks Material information. 3.) Sentencing hearing transcripts. 4.) DEA 6's. 5.) Copy of the Indictment in this instant case. 6.) A copy of the Judgement and Commitment Order.

In addition I am also requesting that you send me any and all relevant documentations, such as Work Product, DEA 6 Supplements, and proffers.

Previous to this letter, I have not been provided any of the above data/documents from you. I would appreciate an expedited response from you to this letter and an opportunity to possess these unrestricted documents as soon as possible.

Respectfully.

Adam A. White

Adam A. White #05662-070

AW/laa

cc: personal files